Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 200519-86334
DATE: October 29, 2021

ORDER

The appeal as to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) is dismissed.

FINDINGS OF FACT

1. The Veteran served on active duty from March 1968 to March 1970; he has been 100 percent disabled since July 2019.

2. In August 2020, prior to the promulgation of a decision in the appeal, the Veteran, through his duly appointed representative, submitted a written statement indicating that a withdrawal of the pending claim for TDIU was requested.

CONCLUSION OF LAW

The criteria for withdrawal of the appeal as to a TDIU have been met. 38 U.S.C. § 7105 (2012); 38 C.F.R. § 19.55 (2021).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105. An appeal may be withdrawn, by the appellant or by his or her authorized representative, as to any or all issues involved in the appeal, at any time before the Board promulgates a decision. 38 C.F.R. § 19.55 (providing the requirements for withdrawal of a legacy appeal). The withdrawal of an appeal that has been transferred to the Board, and prior to promulgation of a decision, is effective when received by the Board. 

In an August 2020 Informal Hearing Presentation (IHP), the issue presented for review was entitlement to TDIU. The Veteran's representative noted that an April 2020 rating decision granted service connection for coronary artery disease (CAD) and assigned a 100 percent rating effective July 17, 2019. The representative indicated that based on the April 15, 2020, rating decision the IU should be dismissed.

The August 2020 IHP contained the Veteran's name, his claims file number, and a specific indication that he wished to withdraw the issue currently on appeal. See 38 C.F.R. § 19.55(b)(1); Hembree v. Wilkie, 33 Vet. App. 1 (2020). Thus, the Veteran has expressed his intent to withdrawn the appeal for IU. Accordingly, the Board does not have jurisdiction to review the appeal and it is dismissed.

 

 

L. HOWELL

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board T. Grzeczkowicz 

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.